# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel J. Coleman,<br><br>Plaintiff,<br><br>vs.<br><br>Firstsource Advantage, LLC, *a foreign limited liability company*,<br><br>Defendant. | CIVIL FILE NO**:** _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiff received multiple telephonic messages in which Defendant, a debt collector, failed to properly identify itself in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11).

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Daniel Coleman ("Coleman" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Firstsource Advantage, LLC ("Firstsource" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 205 Bryant Woods South, Amherst, New York 14228. Firstsource is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Capital One Bank (USA), N.A., which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before October 2009.

9. On or about January 6, 2010 and continuing through January 19, 2010, Firstsource communicated with Plaintiff by leaving scripted messages in an attempt to collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In these scripted messages, Firstsource violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because Firstsource does not "meaningfully disclose" that Firstsource is a debt collector calling to collect a debt. Firstsource also violated 15 U.S.C. §§ 1692e and 1692e(11) of the FDCPA because Firstsource failed to disclose to Plaintiff that the communication is from a debt collector.

11. Specifically, for example, Firstsource left the following scripted message for Plaintiff on or about January 6, 2010: "This is Liz calling from Firstsource Advantage, LLC.  Again, I do need a return call here this evening.  It is important that I do speak with you.  Again, I can be reached at 888-580-7675 and the reference number when calling is 14112170.  I will be in the office today until 8:00 PM or you can reach me tomorrow morning beginning at seven.  Thank you." End of message.

12. On or about January 15, 2010, Firstsource left the following scripted message for Plaintiff:  "Dan this is Liz calling from Firstsource Advantage, LLC.  Again, please return my call here this afternoon.  It is very important that I do speak with you.  Again, I can be reached at 888-580-7675 and the reference number when calling is 14112170.  I will be in the office today until 8:00 PM or you can reach me tomorrow morning beginning at seven.  Thank you." End of message.

13. On or about January18, 2010, Firstsource left the following scripted voicemail for Plaintiff:  "Dan this is Liz calling from Firstsource Advantage, LLC.  Again, please return my call here today.  It is important that I speak with you.  I can be reached at 888-580-7675 and the reference number when calling in is 14112170.  My office will be open today until 8:00 PM or you can reach us tomorrow morning beginning at seven.  Thank you." End of message.

14. On or about January 19, 2010, Firstsource left the following scripted voicemail for Plaintiff:  "Dan this is Liz calling from Firstsource Advantage, LLC.  Again, please return my call here today.  It is important that I speak with you.  I can be

reached at 888-580-7675 and the reference number needed when calling in is 14112170.  My office will be open today until 8:00 PM or you can reach us tomorrow morning beginning at seven.  Thank you." End of message.

15. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Firstsource.

16. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Firstsource's acts and omissions.

### TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

18. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

19. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

20. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and

embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

21. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

22. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  May 11, 2010.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
    Patrick L. Hayes (0389869)
    Attorneys for Plaintiff
    3101 Irving Avenue South

                                                  Minneapolis, Minnesota 55408
                                                  Telephone: 612-821-4817
                                                  phayes@marsomichelson.com

Dated: May 11, 2010.        **MARSO AND MICHELSON, P.A.**


                                      By:   s/William C. Michelson
                                               William C. Michelson (129823)
                                             Attorneys for Plaintiff
                                             3101 Irving Avenue South
                                             Minneapolis, Minnesota 55408
                                             Telephone: 612-821-4817